# Hurst, Appellant, *v.* Brennen (No. 2).

*Partnership—Secret partners.*

Each member of a partnership occupies a fiduciary relation to his copartner and he cannot make a secret profit out of the firm business by organizing a selling agency for the firm products, unless he was authorized and permitted to do so by a partnership agreement. If he does make such secret profit, he must account for it to his copartners.

Argued October 10, 1912. Appeal, No. 22, Oct. T., 1912, by plaintiff, from decree of C. P. Westmoreland Co., No. 311, Equity on bill in equity in case of Braden Hurst and McClure Coke Company, now H. C. Frick Coke Company, v. John P. Brennen. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for partition and accounting. Before DAVID A. MILLER, ESQ., Master.

The facts appear in the opinion of the Supreme Court in Hurst, Appellant, v. Brennen, No. 1, 239 Pa. 216.

*James S. Moorhead,* with him *Robert W. Smith,* for appellant.

*John B. Keenan,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 13, 1913:

No question is raised in this appeal which has not been considered in the opinion which has just been filed at No. 23, October Term, 1912 (Hurst v. Brennen, No. 1, 239 Pa. 216). The questions here involved relate only to the profits of the selling agency, McClure & Company, which were derived from selling the product of the Union Coke Works, and to the action of the master in crediting these profits to the coke works, and as a re-

sulting consequence, the award of one-seventh of the amount so credited, with interest, to the appellee in this case, John P. Brennen. The latter had no interest in the special fund retained upon the books of the partnership and its successors, and which, as the master found, belonged to William J. Rainey. The accumulation of that fund antedated the purchase of an interest by Brennen, and his grantor received his portion of the profits as they accrued, with the exception of those improperly diverted by McClure & Company, which was but another name for Rafferty and Donnelly, who were partners in the business. That the operating partners were liable to account to their copartners for the amount received by them for the product in open market, is so plain that authority to sustain the proposition is hardly necessary. If any be desired it may be found in Bast's Appeal, 70 Pa. 301, where Mr. Chief Justice THOMPSON said (p. 307): "In the absence, however, of special provisions, each partner is in a fiduciary relation to his copartners, and must devote all his energies for the promotion of the firm exclusively, and account for all moneys received by him in and through its legitimate business. These being the duties and obligations of every member of a partnership, he who claims exemption from them must show that it exists either in the terms of the organization, or by the assent of all his copartners. It must, therefore, be clear that partners have yielded their right to the labor of one of their fellows, or of profits earned in the business, before they can be estopped from claiming them."

In the present case the amount awarded was no more than the share to which Brennen and his predecessor whose rights he acquired, were entitled, in the profits which were actually realized. Interest upon payments long and wrongfully withheld, swelled the amount of the final award.

The assignments of error are overruled, and the decree of the court below is affirmed.